# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CIVIL NO. 3:21CV605 |
| | ) | |
| APPROXIMATELY $17,400.00 IN US | ) | |
| CURRENCY SEIZED FROM CHRISTIAN | ) | |
| GUERRERO ON APRIL 30, 2021 | ) | |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

NOW COMES Plaintiff the United States of America, by and through William T. Stetzer, Acting United States Attorney for the Western District of North Carolina, in a civil cause of forfeiture, and alleges as follows:

## INTRODUCTION AND NATURE OF THE ACTION

1. This is a civil action *in rem* against approximately $17,400.00 in United States Currency seized from Christian Guerrero ("Guerrero") during the execution of a warrant for his arrest at his girlfriend Martha Leticia Vaca Covarrubias' ("Vaca") apartment located at 703 Sharview Circle, Apt. 1517, Charlotte, North Carolina on April 30, 2021 (the "Currency").

2. During the arrest of Guerrero at Vaca's apartment stemming from his involvement in a drive-by shooting, law enforcement searched the room where Guerrero had been staying and located approximately $17,400 in bundled currency along with 1.4 pounds of marijuana and a Glock, .40 handgun and ammunition. Guerrero was charged with felony possession of marijuana, 17 charges of discharging

1

a firearm into an occupied dwelling, assault with a deadly weapon with intent to kill inflicting serious injury and felony conspiracy.

3. Thus, the Currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes money furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. §§ 841 and/or 846, is proceeds traceable to such an exchange, and is money used or intended to be used to facilitate a violation of 21 U.S.C. §§ 841 and/or 846.

4. Procedures for this action are mandated by 21 U.S.C. § 881, 18 U.S.C. § 983, 19 U.S.C. §§ 1602-1621, and, to the extent applicable, the Federal Rules of Civil Procedure and accompanying Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355. These statutes confer original jurisdiction to federal district courts of all civil actions, suits, or proceedings commenced by the United States and any action for the forfeiture of property incurred under any act of Congress.

6. Venue is proper pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred within the Western District of North Carolina. Venue is also proper pursuant to 28 U.S.C. § 1395 because the Currency was seized in the Western District of North Carolina.

7. The Currency has been seized and is now within the Western District of North Carolina.

8. Based on, *inter alia*, the following facts verified by Drug Enforcement Agency ("DEA") Task Force Officer ("TFO") Rolando Ortiz-Trinidad ("Ortiz"), this action seeks the forfeiture of all right, title, and interest in the Currency.

## FACTS GIVING RISE TO FORFEITURE

### *The arrest of Christian Guerrero*

9. On April 18, 2021, Charlotte Mecklenburg Police Department ("CMPD") began investigating an assault with a deadly weapon incident involving a drive-by shooting, where a suspect passenger sitting in the rear of a vehicle driven by Guerrero shot at another vehicle, injuring one person with gun shot wounds to her shoulder and chest, as well as shrapnel in her left eye.

10. Guerrero has a history of multiple drug arrests.

11. CMPD developed information that Guerrero could be hiding at his girlfriend Vaca's apartment. On April 30, 2021 at approximately 11:50 pm, CMPD conducted a knock and talk at the apartment, and after CMPD officers began talking to Vaca, Guerrero was observed coming from the back of the apartment and arrested on outstanding warrants.

12. Law enforcement also determined that Guerrero had recently obtained the vehicle driven during the shooting, a 2014 Dodge Ram 1500 ("Dodge Ram"), and the Dodge Ram was located in the apartment complex's parking near Vaca's residence.

13. CMPD officers then obtained written consent from Vaca to search the room where Guerrero had been staying.

*The seizure of $17,400 at Vaca's residence*

14. During the consensual search of the bedroom that Vaca had indicated Guerrero was staying in, CMPD officers located the keys to a Dodge Ram on top of a dresser.

15. It was later determined that these keys belonged to the Dodge Ram driven by Guerrero during the drive-by shooting incident.

16. CMPD officers also located a black duffle bag in the closet with 1.4 pounds of marijuana packaged inside separate large vacuum-sealed plastic baggies.

17. Vacuum-sealing is commonly used in drug trafficking as an attempted means to conceal the odor of illegal drugs during their transport/shipment.

18. CMPD officers also located a small amount of marijuana in a plastic baggie and approximately $17,000 dollars in US currency in a chest of drawers. The Currency was bundled with rubber-bands in a manner consistent with that used in drug trafficking. CMPD officers also located a Glock firearm and ammunition.

19. The Currency is depicted below:




20. Vaca was provided with an inventory of seized items from her apartment.

21. Guerrero was transported to Mecklenburg County Jail and subsequently charged with felony possession of marijuana, 17 charges of discharging a firearm into an occupied dwelling, assault with a deadly weapon with intent to kill inflicting serious injury and felony conspiracy.

22. The Currency's packaging in rubber-banded bundles and denominations of (53 one hundred-dollar bills, 19 fifty-dollar bills, 544 twenty-dollar bills, 22 ten-dollar bills and 10 five-dollar bills) are consistent with cash involved in drug trafficking.

23. On June 3, 2021 CMPD converted the $17,400 into a Wells Fargo Cashier's check payable to the US Marshalls Service and released it to the custody of TFO Ortiz who turned it in to CDO high value vault for storage and safekeeping.

*Vaca's Claim for the Currency*

24. On July 9, 2021 the DEA received a timely claim for the $17,400 in US Currency seized from Guerrero after notice of forfeiture was published.

25. The Claim was submitted by Vaca on behalf of her employer T&T Auto Sales LLC ("T&T").[1] Vaca stated that she works for T&T as a full-time licensed sales representative.

26. Vaca states in her Claim that the owner of T&T was not feeling well and left the dealership early that day. Vaca claims that a couple of hours later she sold a

---

[1] It is unclear whether Vaca would even be authorized to file a claim on behalf of T&T.

2014 Dodge Ram truck for $17,0000 in cash to a customer named Irma Hurtado ("Hurtado").

27. The 2014 Dodge Ram is the same vehicle driven by Guerrero in the drive-by shooting incident.

28. According to Vaca's Claim, the owner of T&T was not present at the sale and since they never leave cash at the office, he instructed her to "hold the money" until he returned "days later." Vaca took the cash to her house to hold it there.

29. Vaca attached a Bill of Sale to her Claim which purports to show that the 2014 Dodge Ram was sold to Irma Hurtado on April 13, 2021.

30. On October 26, 2021, TFO Ortiz went to T&T in order to speak with the owner of the dealership to verify Vaca's story.

31. Vaca was at T&T and identified herself as the "manager" on duty. TFO Ortiz asked Vaca if he could speak with the owner of T&T and she explained that the owner was out of the country attending a family member's funeral and would not be back for a few weeks.

32. TFO Ortiz asked Vaca about her Claim. Vaca told TFO Ortiz that she sold the Dodge Ram to Guerrero's mother Hurtado for $17,000 and she was not aware that the money belonged to Guerrero. Vaca told TFO Ortiz that Hurtado came to the dealership by herself. Vaca also told TFO Ortiz that she did not want him to speak to her boss (the owner of T&T) or for her boss to be involved because she did not want to put her job at risk.

33. On November 4, 2021, TFO Ortiz and another CMPD officer questioned Hurtado about the purchase of the Dodge Ram. Hurtado told officers that her son, Guerrero, asked her to purchase the Dodge Ram for him. TFO Ortiz asked Hurtado where the money came from to purchase the Dodge Ram and she responded that she did not know.

34. She explained that she and her son[2] went to T&T to purchase the Dodge Ram and Vaca put all the paperwork in Hurtado's name, because Guerrero does not have a valid driver's license in North Carolina and could not complete the transaction. Hurtado told TFO Ortiz that she did not drive the Dodge Ram at any time and that her son was the only one who drove the Dodge Ram. Drug traffickers typically when purchasing vehicles or real property with proceeds from drug trafficking title the property in other family members' names.

35. Vaca's story is implausible. First, the $17,400 in bundled cash was found at Vaca's residence on April 30, 2021, almost 2 weeks after she purportedly took the money home for her boss (which under her story, he would have returned long before then). Next, if the Currency was truly owned by T&T as she claims—and her job was at risk for her losing it as she claims—then Vaca would certainly want her boss to speak to law enforcement to verify her story. That she does not is telling.

36. A more plausible explanation of the source of the Currency found in Guerrero's room alongside his gun and 1.4 pounds of marijuana exists: it is Guerrero's drug proceeds and/or money involved in his drug trafficking. And even if the Currency

---

[2] This directly contradicts Vaca's statement where she indicated that Hurtado came "by herself" T&T to purchase the Dodge Ram.

was in fact paid in cash by Guerrero for the Dodge Ram involved in the shooting, and somehow ended back in Guerrero's room, it would still be his drug proceeds and simply cash that he laundered through the truck's purchase.

## FIRST CLAIM FOR RELIEF – THE $17,400 IN CURRENCY
## (21 U.S.C. § 881(a)(6))

37. The United States incorporates by reference the allegations set forth in Paragraphs 1 to 36 above as if fully set forth herein.

38. The $17,400 in Currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes money furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. §§ 841 and/or 846, is proceeds traceable to such an exchange, and is money used or intended to be used to facilitate a violation of 21 U.S.C. §§ 841 and/or 846.

39. Upon information and belief, the following persons may claim an interest in the $17,400 in Currency seized on April 30, 2021:

- Marth Vaca
  703 Sharview Circle, Apt. 1517
  Charlotte, NC, 28217

- T&T Auto Sales
  3304 S Tryon St
  Charlotte, NC 28217

- Irma Hurtado
  5709 Alanhurst Place
  Charlotte, NC 28217

## CONCLUSION AND PRAYER FOR RELIEF

40. By virtue of the foregoing, all right, title, and interest in the Currency vested in the United States at the time of the commissions of the unlawful act giving

8

rise to forfeiture, 21 U.S.C. § 881(h), and has become and is forfeitable to the United States of America.

WHEREFORE, the United States of America respectfully prays the Court that:

(1) a warrant for the arrest of the Defendant Property be issued;

(2) due notice be given to all parties to appear and show cause why the forfeiture should not be decreed;

(3) judgment be entered declaring the Defendant Property to be condemned and forfeited to the United States of America for disposition according to law; and

(4) the United States be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action, including but not limited to the expenses of maintenance and protection of the Defendant Property as required by 28 U.S.C. § 1921.

Respectfully submitted this the 8th day of November, 2021.

WILLIAM T. STETZER
ACTING UNITED STATES ATTORNEY

/s/ Seth Johnson
J. Seth Johnson
NC Bar No. 53217
Assistant United States Attorney
Suite 1650, Carillon Building
227 West Trade Street
Charlotte, North Carolina 28202
Telephone: (704) 338-3159
Email: seth.johnson@usdoj.gov

## **VERIFICATION**

I declare under penalty of perjury that the factual information contained in the foregoing Complaint is true and correct according to the best of my knowledge, information, and belief.

Executed on the 8th day of November, 2021

/s/ Rolando Ortiz-Trinidad
Task Force Officer,
Drug Enforcement Agency

10
Case 3:21-cv-00605-RJC-DCK   Document 1   Filed 11/08/21   Page 10 of 10